UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STASON SUTTON,
                        Plaintiff,

-v-

626 EMMUT PROPERTIES, LTD. and
10th AVENUE GROUP, INC.,
                        Defendants.

18-CV-90 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

In this action, Plaintiff Stason Sutton claims that Defendants 626 Emmut Properties, Ltd. ("626 Emmut") and 10th Avenue Group, Inc. ("10th Ave.") have, among other things, violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, by operating or leasing property to a restaurant that is physically inaccessible to people who use wheelchairs. The parties have completed discovery, and both Defendants have now separately moved for summary judgment. (Dkt. Nos. 48, 63.) For the reasons that follow, the motions are denied.

**I.    Background**

According to the complaint in this action, Defendant 10th Ave. operates a restaurant called "44 & X" out of a property in Midtown Manhattan that is owned by Defendant 626 Emmut. (Dkt. No. 1 ("Compl.") ¶¶ 7, 9; *see also* Dkt. No. 60 ("Sutton Decl.") ¶ 4.) Plaintiff Stason Sutton, who lives near the restaurant and who uses a wheelchair for mobility purposes, claims that he would like to dine at 44 & X. (Sutton Decl. ¶¶ 2–3, 5, 18.) But although Sutton has been able to utilize the restaurant's outdoor dining area, he maintains that an exterior step has prevented him from accessing the restaurant's interior. (Sutton Decl. ¶¶ 8–11.)

On January 5, 2018, Sutton filed a five-count civil complaint against Defendants, alleging that 44 & X's exterior step and a number of its interior features render the restaurant inaccessible

1

to him and to other individuals who use wheelchairs.  (Compl. ¶ 25.)  According to Sutton, this inaccessibility puts Defendants in violation of the ADA, New York common law, and various state and local antidiscrimination laws.  (Compl. ¶¶ 36–90.)  In addition to seeking injunctive relief, declaratory relief, and attorney's fees and costs under both the ADA and state and local law, Sutton seeks monetary damages under state and local law alone.  (Compl. at 19–20.)

Discovery in this case ended on November 30, 2018 (Dkt. No. 35), and both Defendants have now moved for summary judgment (Dkt. Nos. 48, 63).  Defendants first train their fire on Sutton's ADA claim, arguing that this Court must dismiss it on the grounds that (1) Sutton lacks standing to bring the claim (Dkt. No. 50 at 3–5; Dkt. No. 65 at 3–5), and (2) renovations at 44 & X have mooted the claim by adequately remediating the alleged access barriers (Dkt. No. 68 at 2–6; Dkt. No. 69 at 3–8).  Once Sutton's sole federal claim has been dismissed, Defendants go on, the Court should end this case entirely by declining to retain supplemental jurisdiction over his remaining state- and local-law claims.  (Dkt. No. 50 at 6; Dkt. No. 65 at 6.)

Defendants' summary judgment motions have been fully briefed (Dkt. Nos. 50, 58, 65, 68–69), and the Court now turns to their merits.

## II. Legal Standard

A party is entitled to summary judgment if it can "show[] that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is "material" if "it might affect the outcome of the suit under the governing law."  *Hurley v. Tozzer, Ltd.*, No. 15 Civ. 2785, 2018 WL 1087946, at *1 (S.D.N.Y. Feb. 26, 2018) (quoting *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002)).  The party moving for summary judgment bears the burden of showing that no genuine dispute of material fact exists, *id.*, and in assessing whether the movant has carried this burden, a court

"must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his or her favor," *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condominium*, 458 F. Supp. 2d 160, 166 (S.D.N.Y. 2006).

### III. Discussion

As noted above, Defendants argue that they are entitled to summary judgment on Sutton's ADA claim, and that this Court should decline to exercise supplemental jurisdiction over Sutton's remaining claims once that federal claim is out of the picture. Because Sutton makes no argument that this Court should retain jurisdiction over his state- and local-law claims in the absence of a viable federal claim, the Court limits its analysis to Sutton's ADA claim.

Defendants raise two arguments as to why, in their view, they are entitled to summary judgment on Sutton's ADA claim. First, they argue that Sutton lacks standing to bring that claim. (Dkt. No. 50 at 3–5; Dkt. No. 65 at 3–5.) Second, they argue that the claim is moot. (Dkt. No. 68 at 2–6; Dkt. No. 69 at 3–8.) The Court addresses each argument in turn.[1]

#### A. Standing

A plaintiff who seeks to invoke the jurisdiction of the federal courts must be able to establish the "irreducible constitutional minimum of standing." *Field Day, LLC v. Cty. of Suffolk*, 463 F.3d 167, 175 (2d Cir. 2006) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To make this showing, "a plaintiff must prove: (1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the

---

[1] The Court also acknowledges Sutton's argument that certain declarations submitted with Defendants' summary judgment motions should not be considered. (Dkt. No. 58 at 2–3.) Because the Court concludes that consideration of the challenged declarations would not affect its resolution of any issue presented by the motions, the Court need not address the matter.

3

injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) (per curiam).

Defendants argue that Sutton has failed to demonstrate that he has standing to bring his ADA claim because he has failed to show that he has been injured by the architectural barriers that, he claims, violate the statute. (Dkt. No. 50 at 3–5; Dkt. No. 65 at 3–5.) Instead, Defendants maintain, Sutton has merely "stat[ed] a list of alleged ADA violations at the restaurant" without offering evidence that any of them impeded his own access. (Dkt. No. 50 at 4; Dkt. No. 65 at 4.)

Defendants' standing argument is foreclosed by the Second Circuit's decision in *Kreisler v. Second Avenue Diner Corp.*, 731 F.3d 184 (2d Cir. 2013). In that case, the Second Circuit held that an ADA plaintiff had standing to bring suit against an allegedly inaccessible diner where he testified that "(1) [a] seven to eight-inch step deterred him from attempting to enter, (2) he frequent[ed] diners in his neighborhood often, (3) he live[d] within several blocks of the [d]iner, and (4) he would like to frequent the [d]iner if he were able to access it." *Id.* at 188. Even though the *Kreisler* plaintiff, having been unable to enter the diner in the first place, had not personally encountered any of the diner's alleged *interior* architectural barriers, the Second Circuit further held that "because [the plaintiff] ha[d] standing to pursue injunctive relief as to the [d]iner's entrance, he ha[d] standing to seek removal of all barriers inside the [d]iner related to his disability that he would likely encounter were he able to access the [d]iner." *Id.*

*Kreisler* controls here.[2] Just like the *Kreisler* plaintiff, Sutton has testified that he has been unable to enter an establishment due to an exterior step, that he often dines at restaurants

---

[2] Insofar as Defendants intend to suggest that the Supreme Court's post-*Kreisler* decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), should govern this Court's analysis, "this Court is required to follow Second Circuit precedent 'unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit,'" *Boone*

4

near the establishment, that the establishment is in his neighborhood, and that he would visit the establishment if it were accessible. (Sutton Decl. ¶¶ 5–11, 18.) As the Second Circuit has made clear, this testimony is sufficient at the summary judgment stage to establish Sutton's standing to seek injunctive relief under the ADA with respect to all architectural access barriers, exterior and interior, at the establishment he wishes to frequent.[3]

B. **Mootness**

The federal courts lack jurisdiction to adjudicate a case that has become moot. *See Atl. States Legal Foundation, Inc. v. Norton*, 29 F. App'x 729, 731 (2d Cir. 2002) (summary order). And a case has become moot if it "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights," *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)), whether because "a court is powerless to 'grant any effectual relief whatever to the prevailing party'" or because "intervening circumstances during the litigation [have] remove[d] a party's interest in its outcome," *Bellino v. JPMorgan Chase Bank, N.A.*, No. 14 Civ. 3139, 2015 WL 4006242, at *2 (S.D.N.Y. June 29, 2015) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). But "[a]s long as the parties have a concrete

---

*v. United States*, No. 13 Civ. 8603, 2017 WL 398386, at *1 (S.D.N.Y. Jan. 30, 2017) (quoting *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015)). Defendants' unelaborated citations to *Spokeo* (Dkt. No. 50 at 4; Dkt. No. 65 at 4) give the Court no reason to believe that *Spokeo* has so undermined *Kreisler* that the latter no longer stands as binding precedent.

[3] To the extent Defendants suggest that remedial efforts they have made at the premises of 44 & X after this suit was filed have stripped Sutton of standing by adequately redressing his claimed injury (*see* Dkt. No. 68 at 5–6; Dkt. No. 69 at 7–8), the suggestion is misguided. A plaintiff's standing is "assessed as of the time the lawsuit is brought." *Baur v. Veneman*, 352 F.3d 625, 637 n.11 (2d Cir. 2003) (quoting *Comer v. Cisneros*, 37 F.3d 775, 787 (2d Cir. 1994)). Subsequent events that might eliminate the existence of a live controversy are assessed under the rubric of mootness. *See Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001). The Court therefore addresses the effects of Defendants' remedial efforts in its discussion of Defendants' arguments that Sutton's ADA claim is moot. *See infra* Section III.B.

5

interest, however small, in the outcome of the litigation, the case is not moot." *Chafin*, 568 U.S. at 172 (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307–08 (2012)).

Because an ADA plaintiff who, like Sutton, raises a claim based on an architectural access barrier is limited to seeking equitable relief, rather than money damages, such a claim "can become moot if a defendant remedies the access barrier [at issue] during the pendency of the litigation." *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015). But such remediation moots an ADA claim "only if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Thomas v. West*, No. 14 Civ. 4459, 2018 WL 3768525, at *3 (S.D.N.Y. Aug. 8, 2018) (quoting *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010)). In most cases, "physical alterations" made to bring a building into ADA compliance are the sort of remedial efforts that will moot a claim for injunctive relief under the ADA because "[o]nce a defendant embarks on construction to bring its building into compliance, it would be illogical to assume a defendant would expend further funds to reverse the remediation, remove itself from compliance with the ADA, and expose itself to further litigation." *Id.* at *4.

Here, Defendants contend that remedial efforts they have made at 44 & X have mooted Sutton's ADA claim. (Dkt. No. 65 at 7; Dkt. No. 68 at 2–6; Dkt. No. 69 at 3–8.) For one thing, they maintain that they have installed a permanent ramp that will enable Sutton to enter the restaurant's interior and that this renovation alone moots Sutton's ADA claim because it remedies the only access barrier—*i.e.*, 44 & X's exterior step—that Sutton is alleged to have personally encountered. (Dkt. No. 68 at 2–6.) But even beyond the ramp, Defendants go on, they have undertaken "additional adjustments" to make "[t]he restaurant and its upstairs

6

bathroom . . . fully accessible to all with physical handicaps and disabilities." (Dkt. No. 65 at 7.) And in the view of Defendants' expert, those adjustments—along with a few additional measures that Defendants "will be accomplishing . . . immediately" (Dkt. No. 69 at 3)—fully "accomplish[] the goal of responding to the issues raised in this lawsuit" (Dkt. No. 69-2 ¶ 10).

As for Defendants' first argument—that the installation of the ramp is alone sufficient to moot Sutton's ADA claim—it fails. Under the *Kreisler* decision, an ADA plaintiff who otherwise has standing may "seek removal of all barriers inside [an establishment] related to his disability that he would likely encounter were he able to access the [establishment]," even if he has not personally encountered those barriers. *Kreisler*, 731 F.3d at 188. Even assuming, then, that Defendants have fully remediated the exterior step that allegedly barred Sutton's access to 44 & X, Sutton has "a concrete interest . . . in the outcome of the litigation" as long as alleged interior barriers remain. *Chafin*, 568 U.S. at 172 (quoting *Knox*, 567 U.S. at 307–08).

The Court therefore turns next to Defendants' claim that 44 & X is indeed now "fully accessible," inside and out, "to all with physical handicaps and disabilities." (Dkt. No. 65 at 7.) The problem with this claim is that Defendants have failed to offer evidence sufficient to establish that no genuine factual dispute exists as to whether the ADA violations Sutton has catalogued in his expert report have been fully remediated. (*See* Dkt. No. 57-1.) Along with their summary judgment motions, Defendants initially submitted only two relevant pieces of evidence. First, they filed an affidavit from a principal of 10th Ave., which explained in general terms that Defendants have, for example, "made changes to the bathroom and its entrance on the main floor so that there is easier access" (Dkt. No. 64-4 ¶ 5) and "adjusted the hallway leading to the bathroom to widen it" (Dkt. No. 64-4 ¶ 7). Second, Defendants filed a series of photographs of the asserted renovations. (Dkt. No. 64-5.) But notwithstanding the fact that Defendants may

7

have made "laudable efforts to remedy the deficiencies on [their] property . . . , at considerable expense," vague statements about increased accessibility, taken together with photographs that lack context or precise measurements, are insufficient to resolve all "genuine issues of material fact about each barrier's compliance with the ADA." *Brown v. Mermaid Plaza Assocs. LLC*, No. 13 Civ. 760, 2018 WL 2722454, at *8 (E.D.N.Y. Mar. 8, 2018).

To be sure, Defendants have now submitted a detailed expert report and declaration with their reply briefs. (Dkt. Nos. 69-1, 69-2.) But "[c]ourts in this District have frequently declined to consider evidence first submitted on reply." *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15 Civ. 3526, 2016 WL 6083956, at *4 n.3 (S.D.N.Y. Oct. 17, 2016). And this Court is inclined to follow that practice here, for obvious reasons: By waiting until the last minute to play their full hand, Defendants have effectively deprived Sutton of the chance to respond to their best evidence of mootness. The Court declines to dismiss Sutton's ADA claim on the basis of evidence that Sutton has not yet been afforded the opportunity to answer.

That said, because Defendants' expert report and declaration raise serious questions about this Court's jurisdiction to adjudicate Sutton's ADA claim, that evidence cannot be disregarded. While the Court cannot conclude on the present record that Defendants are entitled to summary judgment, the Court will direct Sutton to indicate, in light of the evidence Defendants have submitted with their reply briefs, what aspects of his ADA claim—if any—remain contested.

## IV. Conclusion

For the foregoing reasons, Defendants' motions for summary judgment are DENIED. Sutton is directed to file a letter within thirty days of the date of this order, setting out his position on whether, or to what extent, his ADA claim has been rendered moot by the remedial measures Defendants have undertaken. To the extent that Sutton contends that the claim is not

8

moot, he is free to attach updated evidence that demonstrates a continuing dispute of fact as to Defendants' compliance—or lack of compliance—with the ADA.

Defendants shall have fourteen days following the submission of Sutton's letter to file any response.

The Clerk of Court is directed to close the motions at Docket Numbers 48 and 63.

SO ORDERED.

Dated: August 2, 2019
       New York, New York

                                              J. PAUL OETKEN
                                         United States District Judge