UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

STASON SUTTON,

                     Plaintiff,

            -v-

626 EMMUT PROPERTIES, LTD. and
10TH AVENUE GROUP, INC.,

                     Defendants.

18-CV-90 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      In this action, Plaintiff Stason Sutton claims that Defendants 626 Emmut Properties, Ltd. and 10th Avenue Group, Inc. have, among other things, violated the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12101 et seq., by operating or leasing property to a restaurant that is physically inaccessible to people who use wheelchairs.  On August 2, 2019, this Court issued an Opinion and Order denying Defendants' motion for summary judgment.  (Dkt. No. 70.) In that Opinion and Order, the Court directed the parties to file letters addressing whether the case has been mooted by the remedial measures undertaken by Defendants.  Having considered the arguments in those letters, the Court concludes that the case is not moot.

      An ADA plaintiff like Sutton may seek only injunctive relief.  *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; [s]he cannot recover damages.").  Thus, "a claim under the ADA can become moot if a defendant remedies the access barrier during the pendency of the litigation." *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015). But such remediation moots an ADA claim "only if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  *Thomas v.*

*West*, No. 14 Civ. 4459, 2018 WL 3768525, at *3 (S.D.N.Y. Aug. 8, 2018) (quoting *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010)).  In most cases, "physical alterations" suffice because "[o]nce a defendant embarks on construction to bring its building into compliance, it would be illogical to assume a defendant would expend further funds to reverse the remediation, remove itself from compliance with the ADA, and expose itself to further litigation."  *Id.* at *4.

In order to survive a motion for summary judgment, Plaintiff cannot rely on the allegations in his complaint; he must "'set forth' by affidavit or other evidence 'specific facts.'"  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Thus, the relevant allegations of violations are contained in the declarations filed by Plaintiff.  (Dkt. Nos. 57, 60.)[1]  Those allegations include, among other things, "a change in elevation greater than 1/2 inch high" at "the threshold at the second public entrance doorway," in violation of section 404.3.3 of the 2010 ADA Standards for Accessible Design.  (Dkt. No. 57-1 at 6; Dkt. No. 69-1 at 10.)

Defendants have filed an expert report and declaration concluding that the restaurant has remediated all issues raised by Plaintiff.  (Dkt. Nos. 69-1, 69-2.)  But the expert report does not indicate that all alleged violations have been remediated.  The report indicates, for example, that the threshold at the second public entrance doorway "*will* be modified to comply with §404.3.3, 2010 ADA Standards."  (Dkt. No. 69-1 at 10 (emphasis added).)  The expert declaration only confirms that Defendants have yet to remedy the issues.  (Dkt. No. 69-2 ¶ 6 ("I have . . .

---

[1] Plaintiffs also cite a reinspection report performed by their expert on November 26, 2019.  (Dkt. No. 75 at 1–2.)  That report, however, was not attached to Plaintiffs' original Opposition.  (*See* Dkt. No. 57-2 (blank document).)  Accordingly, the averments in that report will not be considered.  *See Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15 Civ. 3526, 2016 WL 6083956, at *4 n.3 (S.D.N.Y. Oct. 17, 2016) ("Courts in this District have frequently declined to consider evidence first submitted on reply.").

*recommended* that the threshold to the entrance be modified." (emphasis added)).)  Thus, the Plaintiff's ADA claims are not moot, as Defendants have not demonstrated that their remedial actions "have completely and irrevocably eradicated the effects of the alleged violation."  *Cty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979).

The parties are directed to file a joint status letter by October 23, 2019, indicating how they intend to proceed with this case.

SO ORDERED.

Dated: October 9, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge