UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STASON SUTTON,
                      Plaintiff,

-v-

626 EMMUT PROPERTIES, LTD. et al.,
                      Defendants.

18-CV-90 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

In this action, Plaintiff Stason Sutton claims that Defendants 626 Emmut Properties, Ltd. and 10th Avenue Group, Inc. have, among other things, violated the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12101 et seq., by operating or leasing property to a restaurant that is physically inaccessible to people who use wheelchairs. On August 2, 2019, this Court issued an Opinion and Order denying Defendants' motion for summary judgment. (Dkt. No. 70.) In a subsequent Order, this Court considered whether the case was mooted by the voluntary remedial measures undertaken by Defendants. The Court concluded that the case was not moot. (Dkt. No. 79.)

Defendants have now filed a second motion for summary judgment. (Dkt. No. 83.) In this motion, Defendants advance an identical argument: that Defendants' voluntary remedial measures suffice to bring them into compliance with the ADA, rendering Sutton's claims "resolved/moot." (Dkt. No. 84 at 13.) Further, Defendants move to limit the attorney's fee and cost award to $9,500.

Defendants' motion is a thinly veiled attempt at reconsideration. "Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or

1

prevent manifest injustice." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 696 (S.D.N.Y. 2011). Defendants advance no new facts or law that would warrant a conclusion different from the one reached in the Court's prior Order. Accordingly, summary judgment on the ADA claims is once again denied. The Court also determines that Defendants' request for interlocutory resolution of the appropriate award of fees and costs is untimely.[1]

Defendants' motion for summary judgment is DENIED. The Clerk of Court is directed to close the motions at Docket Numbers 83, 84, 88, and 89.

SO ORDERED.

Dated: April 7, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] This Order moots the parties' dueling requests for a conference to address summary judgment. (*See* Dkt. Nos. 88, 89.)

Sutton separately seeks a conference to address Defendants' filing, styled a "Notice of Acceptance with Offer of Judgment (*see* Dkt. No. 85), because Sutton "has not accepted this offer of judgment" (Dkt. No. 88 at 1). But as a cursory look at the actual filing indicates, Defendants merely mislabeled an "Offer of Judgment." (Dkt. No. 85.) Thus, Sutton's request that Defendants "be sanctioned for filing a false document" is denied. (Dkt. No. 88 at 1.) And Sutton's motion for a conference is denied as moot.