UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STASON SUTTON,<br><br>Plaintiff,<br><br>-against-<br><br>626 EMMUT PROPERTIES, LTD. AND 10TH AVENUE GROUP, INC.<br><br>Defendants. | Docket No. 1:18-cv-00090 (JPO)<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION

The Plaintiff completely misapprehends the nature of the pending motion[1], as reactivated by the Court. The Plaintiff has advised the Court that discovery is complete and that it is ready for a trial. (ECF Doc. 92) After conferencing the case on July 24, 2020, when Defendants explained that a permanent ramp had been installed, a bathroom was made wheelchair accessible and the Defendants did not understand what issues remained to be tried, the Court reactivated a prior motion for summary judgment which had been summarily denied without briefing and directed that Plaintiff respond on or before August 28. (ECF Doc 94.[2])

On August 14, Plaintiff filed a letter motion seeking further discovery (i.e., an additional inspection of the demised premises) (NYSCEF Doc 95), which request for further inspection was DENIED by the Court on August 19. (ECF Doc. 98) Now, instead of properly opposing the Defendants' motion for summary judgment, Plaintiff once again generally relies upon a

---

[1] All capitalized terms shall have the same meaning as those set forth in the Defendants' moving papers.
[2] Defendants respectfully ask the Court to be cognizant that in these times of COVID-19, restaurants, as well as restaurant landlords, are under tremendous financial pressures. It is well known now that many restaurants will fail to survive. Some level of proportionality should be applied by the Court to find that in a case where the restaurant defendant built a permanent ramp and made a bathroom wheelchair accessible without a court order, the continuation of litigation for no realistic purpose other than running up legal fees should not be tolerated.

2018 expert report which does not in any way purport to identify with specificity any readily achievable remedies and instead seems to simply seek additional discovery without identifying any material issues of fact warranting a trial.  (See Defendant's opposing memo, ECF Doc 104, at Page 15, Point IV).

Rather than properly oppose summary judgment, Plaintiff simply submits an affidavit from a purported expert, Jimmy Zuehl, which recites that in November of 2018, he inspected the demised premises and provided a report.  He fails to identify any "readily achievable accommodations" which have not been made which failure constitutes discrimination against persons with disabilities.  (ECF Doc 102.)

At a trial, the Plaintiff bears the initial burden of establishing that there is some discrimination against persons with disabilities for which there is some reasonable accommodation not being provided.  *See* Roberts v Royal Atl. Corp., 542 F3d 363, 368 [2d Cir 2008][3], and 42 USCA § 12182.   The Second Circuit has recognized that at a minimum, to meet their burden of proof to establish a prima facie case, plaintiff bears a "burden [which] may be met with cost estimates that are facially plausible, without reference to design details, and are such that the defendant can assess its feasibility and cost."  Roberts v Royal Atl. Corp., 542 F3d 363, 372 [2d Cir 2008].  Regardless of extensive discussion by Plaintiff of standards for new buildings, the fact remains that this is a litigation where Plaintiff says that they are ready to proceed to trial but when asked to identify what issues they want to have a trial about, they are unable to identify any specific issues.

---

[3] "A Title III claim therefore requires that a plaintiff establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA."

2

The Defendants came forward with evidence that a permanent ramp has been built and a handicap accessible bathroom was built, albeit with one wall which is a few inches too short to accommodate a grab-bar of the length specified in certain codes (ECF Docs 83-84).

Now, in opposition, Plaintiff has not, and apparently cannot, identify any basis for claims of some current discrimination against disabled people.  Plaintiff simply has not met the minimal burden of proof recognized by the Second Circuit.  Moreover, Plaintiff has not met the standards for opposing summary judgment as explained by the United States Supreme Court

> the adverse party "must set forth specific facts showing that there is a genuine issue for trial."  And, as we noted above, Rule 56(c) provides that the trial judge shall then grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. There is no requirement that the trial judge make findings of fact.  The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> * * *
>
> In essence, though, the inquiry under each is the same [for either directed verdict or summary judgment]: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

Anderson v Liberty Lobby, Inc., 477 US 242, 250-51 & 252-253[1986].  If all Plaintiff presented at trial was a report with a few minor deviations from code even though a ramp had been built and a bathroom was wheelchair accessible, without any showing of the cost of any readily achievable accommodation, there would be no basis for a judge or jury to make a finding of fact in favor of plaintiff.  As a matter of this Court regulating its docket and determining if there is a

reason for a trial, the Court should recognize that the Plaintiff has simply failed to provide any basis for the Court to schedule a trial and should grant summary judgment accordingly.

It should be noted that the various cases Plaintiff cites for alleging that absolute strict compliance with ADA guidelines in buildings built after 1993 are all distinguishable.

Shalto v Bay of Bengal Kabob Corp., 12-CV-920 KAM VMS, 2013 WL 867429, at *1 [EDNY Feb. 6, 2013], report and recommendation adopted as mod, 12-CV-920 KAM VMS, 2013 WL 867420 [EDNY Mar. 7, 2013] was a decision based upon a motion for a default so has no application to this case where Plaintiff has said they are ready for trial but has not come forward identifying what issues they wish to try.

Kreisler v Second Ave. Diner Corp., 46 NDLR P 15 [SDNY Sept. 11, 2012], affd, 731 F3d 184 [2d Cir 2013] was a case where the Court found that Plaintiff has met his burden of establishing that Defendants must construct a permanent ramp outside of the Plaza Diner, which is the opposite of this case where a ramp was built without a court order.

Chapman v Pier 1 Imports (U.S.) Inc., 631 F3d 939, 944 [9th Cir 2011] did not involve a situation where the defendants made extensive changes (i.e., building a wheelchair ramp and making a bathroom wheelchair accessible).  Rather, Chapman was a case where the 9th circuit vacated the district court's grant of summary judgment and remanded with instructions to dismiss Chapman's ADA claim for lack of jurisdiction.  It has no applicability to this case.

In Pascuiti v New York Yankees, 87 F Supp 2d 221, 226 [SDNY 1999] the Court held that in order to establish that the Yankees have violated the ADA, plaintiffs must still proffer evidence that removal of a given barrier is readily achievable.  Once again, this has nothing to do with this case where the defendants installed a sidewalk ramp and made a bathroom wheelchair accessible without any court order.

Caruso v Blockbuster-Sony Music Entertainment Ctr. at Waterfront, 193 F3d 730, 736 [3d Cir 1999] involved large stadium venues the issue of sightlines over standing spectators and whether wheelchair ramps were required to grassy areas of the stadium.  Once again, this has nothing to do with this case where the defendants installed a sidewalk ramp and made a bathroom wheelchair accessible without any court order.

Wilson v Haria and Gogri Corp., 479 F Supp 2d 1127 [ED Cal 2007] is a case that while finding violations of the ADA, the Court in California awarded damages under the California's Unruh Civil Rights Act.  Since Plaintiff here is not seeking damages under California law and since it has failed to identify specific issues presently existing, the case is irrelevant.

Camarillo v Carrols Corp., 518 F3d 153, 154 [2d Cir 2008] involved a case where the plaintiff was legally blind but is able to read enlarged writing at a very close distance, which raises totally different issues from those at bar.

Indeed, Plaintiff has failed to identify a single on point case where the defendant voluntarily without Court order at the beginning of the case built a permanent sidewalk ramp and also rendered a bathroom wheelchair accessible and the Court allowed the case to continue for no reason other than allowing continued legal fees based upon miscellaneous minor deviations from code which the defendants do not dispute and rather stipulate can only be fixed by moving walls and reconstructing major portions of the property as acknowledged with respect to a bathroom grab bar which is a few inches shorter than code because the wall is too small to allow a grab bar of required length.

Thus, the Court should grant the Defendants' motion to the extent of finding that Defendants promptly built a permanent ramp and made a bathroom wheelchair accessible, and that Plaintiff has not met its burden of establishing that any other minor deviations from code

(such as the ramp is an inch too short or a grab-bar is two inches too short) can be reasonably changed so that there is nothing left to try other than a fee application.   Defendants submit that under the undisputed facts of this case where a permanent ramp was built, and a bathroom was remodeled promptly after commencement of the case, the Court should avoid further waste of time and award plaintiff a reasonable (and generous) legal fee of $9,500.00.  Alternatively, Plaintiff should be directed to file a fee application.

Indeed, as stated in the moving papers, the legislative purpose behind the ADA is to provide and ensure accessibility for disabled members of the public (which the Defendants promptly addressed upon commencement of this lawsuit as evidenced in the record).  The ADA was never intended to be a mechanism for extracting large cash settlements from defendants by attempting to extend out discovery and "run the meter" indefinitely.  Phillips v 180 Bklyn Livingston, LLC, 17 CIV. 325 (BMC), 2017 WL 2178430, at *1 [EDNY May 17, 2017][4]; Feltenstein v Wykagyl Assoc. HJ, LLC, 184 F Supp 3d 76, 77 [SDNY 2016][5]; Range v 535

---

[4] "What is unique here is that defendants do not dispute the potential accessibility issues presented by the sidewalk, restroom, and counter, and they have begun making the modifications to remedy these issues. But that is not enough for plaintiff. When defendants approached plaintiff's counsel about a settlement, which included the remediation of the three issues, plaintiff's counsel stated in sum and substance that he would have to recommend to his client a very large amount of dollars to settle this action. Such a demand is inconsistent with the purpose of the ADA—the statute does not provide for compensatory or punitive damages. Therefore, through this statement, plaintiff's goal was made apparent to the Court: This case is not really about redressing accessibility issues for herself and other disabled members of the public, as Congress intended in passing the ADA; rather, it is about plaintiff's attempt to extract a large cash settlement from defendants."
[5] "Wykagyl also expressed a desire for settlement rather than incurring fees but the parties were unable to agree to terms. Throughout, Wykagyl has maintained that any access violations have been remediated and that the real remaining issue is one of attorneys' fees; for her part, plaintiff maintains that a significant issue relating to accessibility of a sidewalk remains unremediated.  Following further and unsuccessful settlement attempts, plaintiff and Wykagyl have brought cross-motions to resolve a primary legal issue in this action. (See Tr. 14-15, 16-17; ECF Nos. 51, 66; see also Pl.'s Ltr. Br., ECF No. 62, at 1; Def.'s Ltr. Br., ECF No. 60, at 2.) For the reasons set forth below, it is absolutely clear that Wykagyl's position on the legal issue is correct. Accordingly, the Court GRANTS Wykagyl's motion for summary judgment and DENIES plaintiff's."

Broadway Group LLC, 17CV0423, 2019 WL 4182966, at *1 [SDNY Sept. 3, 2019][6].   The ADA is also not intended to make the Court code enforcement officers.  In this particular case where discovery is complete and Plaintiff is unable to articulate what issues it wants to try, it is time to put this case to bed.

Therefore, the Court should grant the Defendants' motion and at most award the Plaintiff legal fees totaling $9,500.00 as requested in the moving papers[7].  Alternatively, the Court should direct Plaintiff to file a fee application and bring this case to a logical conclusion.

---

[6] "Throughout the course of this lawsuit, Range's counsel, Parker Hanski LLC ("Parker Hanski") has impeded progress of the case. Defendants seek partial judgment on the pleadings despite representing that all other barriers to access alleged in the Amended Complaint have been remediated. But regrettably, Parker Hanski appears to have little interest in resolving those accessibility issues by inspecting the modifications firsthand.[1] As a result, those claims remain in flux. Moreover, prior to filing this motion, Defendants reiterated their request for a global settlement offer, but Parker Hanski refused to provide one."

[7] In their memorandum, Plaintiff cites a prior litigation involving the property but review of that case demonstrates it was discontinued because the Plaintiff in that case died.

**WHEREFORE**, the Defendants, 626 EMMUT PROPERTIES, LTD. and 10TH AVENUE GROUP, INC., respectfully request that this Court should issue an order: (i) finding that Defendants have already made "readily achievable accommodations" within their Restaurant under the ADA, (ii) awarding the Plaintiff $9,500.00 in reasonable attorneys/expert fees and disbursements, and (iii) for the Court to mark this action disposed and for the Court to decline to exercise supplemental jurisdiction over the Plaintiff's state and local/city claims for additional monetary damages.

Dated: September 11, 2020
      New York, New York

                            **DL PARTNERS**
                            D'AGOSTINO, LEVINE, LANDESMAN,
                            LEDERMAN, RIVERA & SAMPSON LLP

                            By: ____/s/_____
                                      Bruce H. Lederman, Esq. (BL5758)
                                      Eric R. Garcia, Esq. (EG1974)
                                      *Attorneys for the Defendant*
                                      *626 EMMUT PROPERTIES, LTD*
                                      345 Seventh Avenue, 23rd Floor
                                      New York, NY 10001
                                      Tel: (212) 564-9800
                                      Fax: (212) 564-9802
                                      blederman@dlpartnerslaw.com
                                      egarcia@dlpartnerslaw.com

                            Arshack, Hajek and Lehrman, PLLC,

                            By:_____/s/_____
                                      Michael B. Lehrman, Esq.
                                      *Attorneys for the Defendant*
                                      *10TH AVENUE GROUP, INC.*
                                      1790 Broadway, Suite 710
                                      New York, NY  10019
                                      Tel: 212 582-6500