UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
STASON SUTTON,
                             Plaintiff,

                -v-                                              18-CV-90 (JPO)

626 EMMUT PROPERTIES, LTD., *et al.*,            OPINION AND ORDER
                             Defendants.
———————————————————————

J. PAUL OETKEN, District Judge:

In this action, Plaintiff Stason Sutton claims that Defendants 626 Emmut Properties, Ltd. ("626 Emmut") and 10th Avenue Group, Inc. ("10th Ave.") have, among other things, violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, by operating or leasing property to a restaurant that is physically inaccessible to people who use wheelchairs. On August 2, 2019, this Court issued an Opinion and Order denying Defendants' motions for summary judgment. (Dkt. No. 70.) On July 24, 2020, following a telephonic conference with the parties, this Court allowed Defendants to move for summary judgment a second time. (Dkt. No. 94.) For the reasons that follow, this renewed motion for summary judgment is denied.

I.    **Background**

    A.    **Factual Allegations**

The Court assumes familiarity with the background in this case as set forth in its previous opinion. *See Sutton v. 626 Emmut Props., Ltd.*, No. 18 Civ. 90, 2019 WL 3531564, at *1 (S.D.N.Y. Aug. 2, 2019). A brief overview of the relevant facts is provided below.

According to the complaint in this action, 10th Ave. operates a restaurant called "44 & X" out of a property in Midtown Manhattan that is owned by 626 Emmut. (Dkt. No. 1 ("Compl.") ¶¶ 7, 9.) Sutton, who uses a wheelchair for mobility purposes, alleges that 44 & X

1

has an exterior step which prevents him from accessing the restaurant's interior. (Dkt No. 60 ¶¶ 8–11.) Sutton further alleges that a number of interior features render the restaurant inaccessible to him and other individuals who use wheelchairs, in violation of the ADA, New York common law, and various state and local antidiscrimination laws. (Compl. ¶ 25.)

### B.  Procedural History

Discovery in this case ended on November 30, 2018 (Dkt. No. 35), and both Defendants later moved for summary judgment (Dkt. Nos. 48, 63). Defendants argued, among other things, that renovations at 44 & X mooted Sutton's ADA claim by adequately remediating the alleged access barriers. (*See* Dkt. No. 68 at 2–6; Dkt. No. 69 ¶¶ 8–20.) In support of this argument, Defendants maintained that they had installed a permanent ramp that would allow individuals who use wheelchairs to enter the restaurant's interior (Dkt. No. 68 at 2–6), and that they had undertaken "additional adjustments" to make the restaurant's interior "fully accessible to all with physical handicaps and disabilities." (Dkt. No. 65 at 7.) The Court denied Defendants' motions for summary judgment: Defendants' purported installation of a ramp was not "alone sufficient to moot Sutton's ADA claim," and Defendants had failed "to offer evidence sufficient to establish that no genuine factual dispute exist[ed] as to whether the ADA violations Sutton . . . catalogued in his expert report ha[d] been fully remediated." *See Sutton*, 2019 WL 3531564, at *3–*4. In the Opinion and Order denying Defendants' motions for summary judgment, the Court directed the parties to file letters addressing whether the case had been mooted by subsequent remedial measures undertaken by Defendants. *See id.* at *4.

After considering the arguments in the parties' letters about whether the case was moot, the Court concluded that the case was not moot. (*See* Dkt. No. 79.) Along with their letter, Defendants also submitted a declaration stating that the restaurant had remediated all issues raised by Sutton. The expert report Defendants submitted along with their letter, however,

indicated that this was not the case.  Instead, the expert report made several recommendations to address violations and noted that some violations would be remediated.  (*See* Dkt. No. 79 at 2.) Sutton's ADA claim was thus not moot because Defendants failed to demonstrate – beyond genuine dispute – that their remedial actions "completely and irrevocably eradicated the effects of the alleged violation[s]."  *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

Following the Court's conclusion that this case was not moot, Defendants again moved for summary judgment.  (Dkt. No. 83.)  The Court initially denied this renewed motion without further briefing (Dkt. No. 90), but later vacated this order after a telephonic conference with the parties (Dkt. No. 94).

Defendants' summary judgment motion has been fully briefed (Dkt. Nos. 84, 104, 105), and the Court now turns to its merits.

## II.     Legal Standard

A party is entitled to summary judgment if it can "show[] that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is "material" if "it might affect the outcome of the suit under the governing law."  *Hurley v. Tozzer, Ltd.*, No. 15 Civ. 2785, 2018 WL 1087946, at *1 (S.D.N.Y. Feb. 26, 2018) (quoting *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002)).  The party moving for summary judgment bears the burden of showing that no genuine dispute of material fact exists, *id.*, and in assessing whether the movant has carried this burden, a court "must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his or her favor," *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 166 (S.D.N.Y. 2006).

### III. Discussion

Defendants again fail to establish that there is no genuine factual dispute as to whether they have fully remediated the ADA violations catalogued in Sutton's expert report. Along with their renewed motion for summary judgment, Defendants submit two new pieces of evidence: a declaration from a principal of 10th Ave. (Dkt. No. 83-1), who maintains that the restaurant made "alterations to readily accommodate wheelchair users" (*id.* at 3), and additional photos of their purported alterations (Dkt. Nos. 83-2, 83-3, 83-4, 83-5, 83-6). Defendants' new declaration largely reiterates claims in their prior declaration submitted in connection with their first summary judgment motion. (*See* Dkt. No. 64-4.) And Defendants' new photos, like their previously submitted photos, lack context or precise measures. As the Court explained in its previous Opinion and Order dismissing Defendants' first summary judgment motion, "vague statements about increased accessibility, taken together with photographs that lack context or precise measures, are insufficient to resolve all 'genuine issues of material fact about each barrier's compliance with the ADA.'" *Sutton*, 2019 WL 3531564, at *4 (quoting *Brown v. Mermaid Plaza Assocs. LLC*, No. 13 Civ. 760, 2018 WL 2722454, at *8 (E.D.N.Y. Mar. 8, 2018)). The Court thus again denies Defendants' motion for summary judgment,[1] "notwithstanding the fact that Defendants may have made 'laudable efforts to remedy the deficiencies on [their] property . . . , at considerable expense." *Id.*

### IV. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is DENIED. The parties are directed to confer and file a joint letter within thirty days after the date of this order,

---

[1] Defendants also move for interlocutory resolution of attorneys' fees for a second time. The Court denies this request as premature.

setting out their respective positions on scheduling any additional inspections of the restaurant property and proposing trial dates.

    SO ORDERED.

Dated: December 21, 2021
      New York, New York

                                            J. PAUL OETKEN
                                            United States District Judge